UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61520-Civ-ZLOCH
        (01-6114-Cr-ZLOCH)
MAGISTRATE JUDGE P. A. WHITE

TEON ADAMS,                    :

    Movant,                    :         REPORT OF
                                     MAGISTRATE JUDGE
v.                             :

UNITED STATES OF AMERICA,      :

    Respondent.                :
_____

## I. Introduction

This matter is before the Court on the movant's motion to vacate pursuant to Title 28, Section 2255, attacking his sentence for possession of a firearm by a convicted felon following a guilty plea in criminal case number 01-6114.

The Court has reviewed the motion to vacate (Civ-DE# 1), amended motion (Civ-DE# 5), Government's response (Civ-DE# 8), and all pertinent portions of the underlying criminal file.

## II. Claims

Construing the *pro se* movant's arguments liberally, he appears to raise the following claims in his Section 2255 motion:

1.  Adams is actually innocent of being a career offender under Johnson[1] because his aggravated battery conviction is not a violent felony; and
2.  Adams is actually innocent of violating Section

---

[1] Johnson v. United States, 130 S.Ct. 1265 (2010).

1

>    924(e) under O'Brien[2] because violation of Section
>    924(e) had to be proved beyond a reasonable doubt
>    as a separate offense.

(Civ-DE# 1).

In his amended motion, he additionally argued (renumbered):

3.   Adams is actually innocent of being an armed career offender under Carachuri-Rosendo,[3] because his prior drug convictions do not qualify as serious drug offenses; and
4.   Adams is actually innocent under Carachuri-Rosendo where he pled guilty to violating Section 922(g)(1), but not to an ACCA sentencing enhancement.

(Civ-DE# 5).

### III. Procedural History

Adams was charged with: Count (1), possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(e)); Count (2) possession of a firearm with the serial number removed (26 U.S.C. §§ 5861(h), 5842, 5871); and Count (3), possession of ammunition by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(e)). (Crim-DE# 1). He entered into a written plea agreement in which he agreed to plead guilty to Count (1) in exchange for the Government's dismissal of Counts (2) and (3). (Crim-DE# 27). He acknowledged the Court was required to impose a fifteen year sentence, up to life, followed by up to five years' supervised release and a fine of up to $250,000. (Crim-DE# 27 at ¶ 4).

---

[2] United States v. O'Brien, 130 S.Ct. 2169 (2010).

[3] Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 2587 n.12 (2010).

The PSI calculated Adams' base offense level as twenty-four under Guidelines Section 2K2.1 because his offense involved possession of a firearm subsequent to at least two felony convictions for a crime of violence or controlled substance offense. (PSI ¶ 16). Two levels were added because the firearm at issue had an obliterated serial number. (PSI ¶ 17). Four levels were added because Adams had reason to believe the firearm would be used in connection with another felony offense. (PSI ¶ 18). This resulted in an adjusted offense level subtotal of thirty. (PSI ¶ 22). However, Adams was subject to enhancement under Section 924(e) and Section 4B1.4(a) because he is an armed career criminal with an offense level of thirty-three. (PSI ¶ 23). Three levels were deducted for cooperation and acceptance of responsibility, resulting in a total offense level of thirty. (PSI ¶ 24-26).

The PSI lists the following prior convictions: robbery with a deadly weapon and aggravated battery (PSI ¶ 27, case 89-5073); sale of cocaine and resisting an officer without violence (PSI ¶ 28, case 90-11497); sale of cocaine (PSI ¶ 29, case 91-535); delivery of cocaine within 1,000 feet of a school (PSI ¶ 30, case 91-5765); resisting an officer without violence, leaving the scene of an accident, and operating a motor vehicle without a valid license (PSI ¶ 31, case 92-21881); leaving the scene of an accident and resisting an officer without violence (PSI ¶ 32, case 93-2671); possession of cocaine (PSI ¶ 33, case 98-23498); resisting and obstruction without violence (PSI ¶ 34, case 99-5856); and possession of cocaine (PSI ¶ 35, case 00-20649). The foregoing totaled twelve criminal history points. (PSI ¶ 36). Two points were added because Adams was on drug offender probation for possession of cocaine in case 98-23598 when the instant offense occurred. (PSI ¶ 37). This resulted in a total of fourteen criminal history points with a criminal history category of VI as an armed career criminal.

(PSI ¶ 37-38).

The foregoing resulted in a guidelines range of 180 to 210 months imprisonment, supervised release between three and five years, and a fine between $15,000 and $150,000. (PSI ¶¶ 79, 81, 85).

Adams objected to the four-point enhancement because there was no evidence he had reason to believe the firearm would be used in connection with another felony offense. (Crim-DE# 30); (PSI ¶¶ 8, 18). He also moved for a downward departure sentence based on an extraordinary medical condition. (Crim-DE# 31).

The Court adopted the factual findings and guideline application in the PSI, accepted the parties' stipulation that the four-point enhancement pursuant to 2K2.1(b)(5) was not warranted, and rejected Adams' motion for downward departure. (SOR); (Crim-DE# 33). On March 26, 2002, the Court adjudicated Adams guilty of violating Section 922(g)(1) in Count (1) and sentenced him at the bottom of the guidelines to 180 months imprisonment followed by five years of supervised release. (Crim-DE# 34); (SOR). Adams did not file a direct appeal.

Adams filed the instant motion on August 15, 2010. He filed the amended motion on September 4, 2010.

## IV. Statute of Limitations

As a general matter, AEDPA's one-year time limit begins running once the defendant exhausts or foregoes his opportunity to pursue direct appeal. Clay v. United States, 537 U.S. 522 (2003). Where a defendant has not filed a notice of appeal, this is ten days after the final judgment is entered. Fed. R. App. P.

4(b)(1)(A) (10 days after final judgment is entered to file notice of appeal).

Adams' conviction became final ten days after the March 26, 2002, final judgment was entered. See Clay, 537 U.S. at 522 (judgment becomes final once the defendant exhausts or foregoes his opportunity to pursue direct appeal); Fed. R. App. P. 4(b)(1)(A) (ten days after final judgment is entered to file notice of appeal). His August 15, 2010, motion was filed more than seven years late.

However, a section 2255 motion to vacate is also timely if it was filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." 28 U.S.C. § 2255(f)(3).

The Government concedes **Claim (1)** is timely because it was filed within one year after the United States Supreme Court issued Johnson v. United States, 130 S.Ct. 1265 (2010), on March 2, 2010. (Civ-DE# 8 at 4).

In **Claim (2)**, Adams argues he is actually innocent under United States v. O'Brien, 130 S.Ct. 2169 (2010), because the enhanced penalty is a separate offense that had to be proved beyond a reasonable doubt. He contends his claim was timely filed within one year after O'Brien was issued on May 24, 2010. O'Brien holds the fact that a firearm was a machinegun and requiring a thirty-year minimum mandatory sentence under Section 924(c)(1)(B)(ii), is an element to be proved to the jury beyond a reasonable doubt and not a sentencing factor to be proved to the judge at sentencing.

O'Brien is inapplicable here because Adams did not receive a machinegun thirty-year minimum mandatory sentence. Accordingly, the O'Brien opinion did not restart his one-year time limit for seeking Section 2255 relief.

In **Claim (3)**, Adams contends he is actually innocent under Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 2587 n.12 (2010), because the maximum sentence imposed for his prior drug convictions was less than ten years. He suggests his claim is timely because he filed it within one year from the date Carachuri-Rosendo was issued on June 14, 2010. Carachuri-Rosendo holds that second or subsequent simple possession offenses are not aggravated felonies under Section 1101(a)(43) where the state conviction was not based on the fact of a prior conviction. Adams relies on the case for the proposition that, when the recitivist finding giving rise to a ten-year sentence in state court is not apparent from the sentence itself, or appears neither as part of the judgment of conviction nor formal charging document, the Government has not established the defendant had a prior conviction for which the maximum term of imprisonment was ten years or more. Carachuri-Rosendo, 130 S.Ct. at 2587 n.12. The case is unavailing because the footnote upon which Adams relies is not a new retroactive Supreme Court decision. The footnote restates the holding in United States v. Rodriguez, 533 U.S. 377 (2008). In any event, event if Rodriguez was applicable and retroactive, Rodriguez would not re-set AEDPA's one year time limit because it was issued on May 19, 2008, more than one year before Adams filed the instant motion.

In **Claim (4)**, Adams contends he is actually innocent under Carachuri-Rosendo where he pled guilty to violating Section 922(g)(1), but not to an ACCA sentencing enhancement. Adams' reliance on Carachuri-Rosendo and the other previously-discussed

6

cases fails for the reasons set forth *supra*.

Adams appears to suggest Claims (2)-(4) should not be time-barred because he is actually innocent of being a career offender. Specifically, he argues his prior drug convictions are not "serious drug offenses" pursuant to Section 924(e). "Neither the Supreme Court nor [the Eleventh Circuit Court of Appeals] has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008) (judgment vacated for further consideration in light of Holland,[4] by Melson v. Allen, 130 S.Ct. 3491 (2010). To date, the Eleventh Circuit has avoided this constitutional issue because "no time-barred petitioner has made the requisite actual-innocence showing." Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008); see Scarlett v. Sec'y, Dep't of Corr., 2010 WL 4948730 at *7 n.5 (11th Cir. Dec. 7, 2010) (noting it was unnecessary to determine whether actual innocence operates as an exception to AEDPA's one-year limitations period). To make a sufficient showing of actual innocence, a petitioner must produce "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not present at trial." Arthur v. Allen, 452 F.3d 1234, 1245 (11th Cir. 2006). Further, to make a gateway showing of actual innocence, the petitioner must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). Assuming the actual innocence exception applies to time-bar, and that this sentencing issue is cognizable as a claim of actual innocence, Adams has failed to satisfy its requirements for the reasons set forth in the Discussion section,

---

[4] Holland v. Florida, 130 S.Ct. 2549 (2010).

infra. Accordingly, Claims (2)-(4) are time-barred and should be dismissed.

## V. Procedural Default

As a general matter, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a Section 2255 proceeding. Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). To avoid application of the procedural default rule, a defendant must show (1) cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Bousely v. United States, 523 U.S. 614, 622 (1998). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. See Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

If a petitioner is unable to show cause and prejudice, yet another avenue for considering the merits of the claims despite procedural default exists. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496. To establish actual innocence, a habeas petitioner must demonstrate "it is more likely than not that no reasonable [trier of fact] would have convicted him." Schlup, 513 U.S. at 327-328; Bousley, 523 U.S. at 623. Actual innocence means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992). A substantial claim that constitutional error has caused the conviction of an

innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is unavailable in the vast majority of cases, claims of actual innocence are rarely successful. Id. at 324. This standard is demanding, exceedingly narrow in scope, and permits review only in the "extraordinary" case. House v. Bell, 547 U.S. 518, 538 (2006); see Carrier, 477 U.S. at 496.

The Government argues Claim (1) is procedurally defaulted because Adams should have raised his sentencing attack on direct appeal. Adams acknowledges he did not raise Claim (1) on direct appeal, but appears to assert the argument was unavailable at the time he could have filed a direct appeal because Johnson had not yet been issued. A claim that is "so novel that its legal basis is not reasonably available to counsel" may constitute cause to excuse a procedural default. Bousley, 523 U.S. at 622. The question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all. Smith v. Murray, 477 U.S. 527, 537 (1986).

In Claim (1), Adams argues he is actually innocent of being a career offender under Johnson because his aggravated battery conviction is not a "violent felony." This is a non-constitutional claim that should have been raised on direct appeal. See United States v. Coley, 336 Fed. Appx. 933 (11th Cir. 2009).[5] The fact that Johnson had not been issued does not constitute "cause" to excuse his procedural default because he could have raised this

---

[5] This unpublished opinion is not binding precedent but can be considered persuasive authority. 11th Cir. Rule 36-2.

challenge to his guidelines calculation on direct appeal. See, e.g., Coley, 336 Fed. Appx. at 933 (defendant should have raised claim of improper career offender sentencing on direct appeal even though Begay and Archer had not yet been decided); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (Apprendi claim the defendant sought to raise was reasonably available at the time of conviction); Morton, 2010 WL 1223893 (M.D. Fla. March 24, 2010) (defendant could have challenged his priors on direct appeal based on the sentencing guidelines even though Begay and Archer had not yet been decided).

Even if Adams had demonstrated cause, however, Claim (1) would still be procedurally defaulted because he cannot demonstrate prejudice or actual innocence in regards to his prior aggravated battery conviction for the reasons set forth in the Discussion section, infra. Accordingly, Claim (1) is procedurally defaulted and should be dismissed.

## VI. Discussion

Adams is unable to avoid application of time-bar and procedural default because he qualifies for career offender sentencing. For the same reason, even if his claims were not procedurally defaulted and untimely, they would fail on the merits.

Adams' sentence was enhanced under Section 924(e) and 4B1.4(a) because he is an armed career criminal. For enhanced sentencing to apply, a person must have had "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e).

A "serious drug offense" is:

10

>an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii).

>A "violent felony" is:
>
>any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such a term if committed by an adult, that --
>  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>  (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical risk o injury to another....

18 U.S.C. § 924(e)(2).

Under the categorical approach, whether an offense is a "crime of violence" depends on how the offense is defined by law, rather than the facts of the specific violation. <u>United States v. Archer</u>, 531 F.3d 1347, 1350 (2008). A "modified categorical approach" applies where "the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not...." <u>Johnson</u>, 130 S.Ct. at 1273. Therefore, where the elements of the offense itself do not definitively reveal whether an offense

11

is a crime of violence, the modified categorical approach "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record - including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Id.; see Shepard v. United States, 544 U.S. 13, 16 (2005). In addition, a district court may also rely in sentencing on undisputed statements found in the PSI because they are factual findings to which the defendant has assented. United States v. Beckles, 565 F.3d 832, 843-44 (11th Cir. 2009).

First, Adams conclusorily states his prior drug convictions are not "serious drug offenses" because they were not punishable by up to ten years imprisonment under Florida law. These unsupported claims are insufficient to overcome the PSI, to which Adams failed to object. Beckles, 565 F.3d at 843-44 (a district court may rely on undisputed statements found in the PSI because they are factual findings to which the defendant has assented). Moreover, the record clearly illustrates that Adams does, in fact, have at least three prior convictions for serious drug offenses that qualify him for armed career criminal sentencing.

In **case 91-5765**, Adams was convicted of delivery of cocaine within 1,000 feet of a school. (PSI ¶ 30). Florida law prohibits any person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising ... a public or private elementary, middle, or secondary school...." § 893.13(1)(c), Fla. Stat. A person who violates section 893.13(1)(c) with respect to a controlled substance including cocaine commits a first-degree felony punishable by up to thirty years imprisonment.

§§ 893.13(1)(c)1., 893.03(2)(a)4., 775.082(3)(b), Fla. Stat. Accordingly, his conviction in case 91-5765 for delivery of cocaine within 1,000 feet of a school is a "serious drug offense" under Section 924(e).

In **cases 90-11497** and **91-535**, Adams was charged with the sale of cocaine. Florida law provides "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver, a controlled substance." § 893.13(1)(a), Fla. Stat. Any person who violates section 893.13(1)(a) with respect to a controlled substance including cocaine commits a second-degree felony punishable by up to fifteen years imprisonment. § 893.13(1)(a)1., 893.03(2)(a)4., 775.082(3)(c), Fla. Stat. Accordingly, Adams' convictions in cases 90-11497 and 91-535 are both "serious drug offenses" under Section 924(e).

Second, Adams contends his conviction for aggravated battery in **case 89-5073**[6] does not qualify him for enhanced sentencing because aggravated battery is not a "violent felony" under Section 924(e). In Florida, battery occurs when "a person actually and intentionally touches or strikes another person against the will of the other; or intentionally causes bodily harm to another person." § 784.03(1)(a)1.-2., Fla. Stat. Aggravated battery occurs when "in committing battery, [a person] intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or uses a deadly weapon." § 784.045(1)(a)1.-2., Fla. Stat.

The categorical approach does not resolve whether the

---

[6] Adams refers to case number 90-11497, however, that case involves sale of cocaine and resisting an officer without violence. (Civ-DE# 1, 5); (PSI ¶ 28). Instead, he apparently intends to attack his aggravated battery conviction in case 89-5073. (PSI ¶ 27).

aggravated battery in Adams' case is a violent felony. Subsection one of the Florida aggravated battery statute includes as an element the use, threat of use, or attempt to use physical force because the intentional or knowing causation of bodily harm, permanent disability or permanent disfigurement are included in the offense. However, subsection two of the statute does not necessarily include the use, threat of use, or attempt to use physical force because that subsection only requires the use of a deadly weapon. Under the modified categorical approach, however, it is clear that Adams' aggravated battery conviction is a "violent felony." Adams' PSI reveals that the aggravated battery at issue involved shooting the victim in the ankle.[7] (PSI ¶ 27). Adams did not contest this portion of the PSI in his objections. (Crim-DE# 30-31). His present self-serving contention that the offense did not involve violence or the threat of violence is refuted by the record which indicates the victim was shot. Beckles, 565 F.3d at 843-44. Because the offense at issue included the actual use of physical force against the person of another, the aggravated battery is a "violent felony" and qualified Adams for sentencing as an armed career criminal.

Moreover, even if the aggravated battery was not a "crime of violence," Adams still qualifies as an armed career criminal based on his three prior convictions for serious drug offenses. Therefore, even if the aggravated battery conviction is removed from Adams' PSI, he still qualifies for armed career criminal sentencing.

---

[7] Although the PSI states that Adams and a co-defendant committed the shooting, it is immaterial whether or not Adams was the shooter. See U.S.S.G. § 4B1.2, app. note 1 (2001) ("crime of violence" includes the offenses of aiding and abetting, conspiring and attempting to commit such offenses).

14

<u>VII. Conclusion</u>

Based on the foregoing, it is recommended that the motion to vacate be dismissed, and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>28</u>th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Teon Adams, *pro se*
    Reg. No. 55912-004
    FCC - Coleman (Low)
    Federal Correctional Complex
    Inmate Mail/Parcels
    PO Box 1031
    Coleman, FL 33521

    Strider L. Dickson
    United States Attorney's Office
    500 E Broward Blvd.
    7th Floor
    Fort Lauderdale, FL 33301-3002

    Anne Ruth Schultz
    United States Attorney's Office
    99 NE 4 St.
    Miami, Fl 33132